UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Bryant Kilo,

        Plaintiff,

vs.                            Case No. 2:05-cv-369-FtM-29DNF

Warden of Charlotte Correctional,
Lonnie Williams, Charles Williams,
S. Stephen, John Does 1 through 10,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter comes before the Court upon initial review of the file, which was transferred from the Jacksonville Division of this Court on August 4, 2005 (Doc. #5). Plaintiff, an inmate of the Florida penal system proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint (Doc. #1) (hereinafter Complaint) on August 2, 2005. On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA) which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.


28 U.S.C. § 1915(g).

Section 1915(g) requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA. Rivera v. Allin, 144 F.3d 719, 730 (11th Cir.), cert. dismissed, 524 U.S. 978 (1998). The Court takes judicial notice of filings brought by Plaintiff in the United States District Court for the Northern District of Florida that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 5:92-cv-50175; (2) 4:94-cv-40131; and, (3) 4:96-cv-475.[1]

Because Plaintiff has had three or more prior dismissals and is not under imminent danger of serious physical injury, his application to proceed in forma pauperis will be denied and this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $250.00 filing fee.

Therefore, it is now

**ORDERED AND ADJUDGED:**

---

[1] The Court takes judicial notice of Case Number 4:03-cv-255-WS/WCS in the Tallahassee Division of the United States District Court for the Northern District of Florida. In that case, the Magistrate Judge entered a Report and Recommendation, recommending that the case be dismissed pursuant to 28 U.S.C. § 1915(g) based on the dismissals in Case Numbers 5:92-cv-50175, 4:94-cv-40131 and 4:96-cv-475. The Court also takes judicial notice of the following three cases in the Miami Division of the United States District Court for the Southern District of Florida that were dismissed pursuant to 28 U.S.C. § 1915(g): (1) 00-cv-1388; (2) 01-cv-2284; and, (3) 00-cv-953. Additionally, the U.S. Party/Case Index reveals that Plaintiff has filed 38 civil rights cases in federal court.  See  http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl.

    1.   Plaintiff's Motion for Leave to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> (Doc. #2) is **DENIED**.

    2.   This case is hereby **DISMISSED** without prejudice.

    3.   The Clerk of the Court shall: 1) enter judgment dismissing this case without prejudice; 2) terminate any pending motions; and 3) close this file.

    **DONE AND ORDERED** in Fort Myers, Florida, on this __10th__ day of August, 2005.

                                                  */s/ John E. Steele*
                                                JOHN E. STEELE
                                                United States District Judge

SA:   hmk

Copies: All Parties of Record